T.C. Memo. 1996-213


UNITED STATES TAX COURT


RICHARD R. REED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No.  18466-94.                    Filed May 1, 1996.


        <u>Held</u>:  With respect to P's 1990 taxable year, the
Court will enter a decision in accordance with R's
computation.


Richard R. Reed, pro se.

<u>Paul K. Voelker</u>, for respondent.


MEMORANDUM OPINION


    LARO, <u>Judge</u>:  Respondent moves the Court for entry of
decision with respect to petitioner's 1990 and 1991 taxable
years.  Petitioner objects thereto with respect to his 1990 year.

We must decide whether the subject decision should reflect $25,605 in income for 1990, from the discharge of indebtedness. We hold it should.

## Background[1]

This case was calendared for trial on February 5, 1996. Following a conference with the Court on that date, respondent's counsel (Paul K. Voelker) announced that the parties had reached a basis of settlement which he would read into the record. The Court instructed petitioner to "listen very carefully because when Mr. Voelker is done reading then I'm going to turn to you and say, are you in agreement."

Mr. Voelker read the parties' settlement into the record on an issue by issue basis. One of the issues concerned income from discharge of indebtedness. Mr. Voelker stated that the parties had agreed that there would be no change to the amount of discharge of indebtedness income that appeared in the notice of deficiency for 1990. The Court asked petitioner if he agreed with Mr. Voelker's reading of the settlement. Petitioner replied: "Yes sir, I'm in full agreement." The Court ordered the parties to file decision documents with the Court.

---

[1] Petitioner resided in Las Vegas, Nevada, when he petitioned the Court.

Respondent has prepared decision documents,[2] but petitioner refuses to sign them because, he alleges, he did not realize $25,605 of discharge of indebtedness income during 1990. Respondent determined that petitioner realized this income in 1990, and she included this determination in the subject notice of deficiency.

## Discussion

Petitioner alleges that he is not liable for tax on the discharge of indebtedness income determined by respondent because the indebted property was involuntarily taken from him by foreclosure. We need not and do not consider petitioner's allegation concerning his surrender of the indebted property. Whether the property was involuntarily taken from him by foreclosure, which petitioner states would not result in taxable income, is of no importance to the decision that we must enter herein. What is important is that petitioner and respondent agreed to settle their case on the terms and conditions memorialized in the record. The parties' agreement is a contract, governed and enforced by general principles of contract law. Like contracts, stipulations of settlement bind the parties thereto to the terms thereof. Stamos v. Commissioner, 87 T.C.

---

[2] The decision documents reflect the fact that respondent conceded approximately 53 percent and approximately 47 percent of the deficiencies that she determined for petitioner's 1990 and 1991 taxable years, respectively.

1451, 1455 (1986); see also <u>Jeff D. v. Andrus</u>, 899 F.2d 753, 759 (9th Cir. 1989).

We will enforce a stipulation of settlement, whether filed or orally stipulated into the record, unless justice requires that we do otherwise.  <u>Adams v. Commissioner</u>, 85 T.C. 359, 375 (1985); <u>Sennett v. Commissioner</u>, 69 T.C. 694 (1978); <u>Saigh v. Commissioner</u>, 26 T.C. 171, 177 (1956).  In the instant case, justice does not require that we do otherwise.  The record speaks for itself and shows that the parties agreed to resolve this case in the manner set forth therein.  The stipulation of settlement memorialized in the record, voluntarily entered in settlement of this lawsuit, must be given binding effect.  The parties struck a bargain in the stipulation, and petitioner must live with the benefits and burdens of it.

To reflect the foregoing,

<u>An appropriate order will be issued granting respondent's motion for entry of decision, and decision will be entered in accordance with the respondent's computation</u>.